IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DONTRELL DE'SHAY COLEMAN**                                                     **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 5:23-cv-00091-DCB-BWR**

**CAPTAIN BYNUM, et al.**                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* for consideration of dismissal. When he filed this Complaint on October 10, 2023, *pro se* Plaintiff Dontrell De'Shay Coleman was an inmate housed in the Pike County Jail in Magnolia, Mississippi. Compl. [1] at 1. His claims arise under 42 U.S.C. § 1983, and he names Captain Bynum, Warden Young, Lt. Kim, and C.O. Tre – Fire/Melvin as Defendants. *Id*. at 2. Plaintiff has sought leave to proceed *in forma pauperis* ("IFP"), Mot. [2], but his application for leave to proceed IFP is incomplete. The Court has thoroughly reviewed and liberally construed the record and concludes that this case should be dismissed without prejudice for Plaintiff's failure to obey the Court's orders and to prosecute.

### I. BACKGROUND

While screening Plaintiff's Complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*., the Court ordered Plaintiff on October 12, 2023, as follows:

> [O]n or before November 13, 2023, plaintiff shall either pay the $350.00 (subject to change) filing fee plus a $52.00 (subject to change) administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

Order [3] at 1. Plaintiff was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." *Id*. at 2. That Order [3] was mailed to Plaintiff at his last-known mailing address, and it was returned

to the Court as undeliverable in an envelope marked, "not here."  Envelope [4].  Plaintiff did not comply with the Court's Order [3] by the November 13 deadline, nor did he notify the Court of a change of address.

On November 20, 2023, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to comply with the Court's Order [3].  Order [5] at 1-2.  Plaintiff's responsive deadline was extended to December 4, 2023, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff."  *Id*.  The Order to Show Cause [5], with a copy of the Court's October 12 Order [3], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.  Plaintiff did not comply with the Order to Show Cause [5] by the December 4 deadline.

On December 7, 2023, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [3] [5]."  Order [6] at 2.  Plaintiff was directed to file a written response on or before December 21, 2023.  *Id*.  Plaintiff was also directed, on or before the December 21 deadline, to comply with the Court's October 12 Order [3] "by paying the required filing fee or by filing a complete application for leave to proceed *in forma pauperis*."  *Id*.  Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . **will result** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff."  *Id*. at 2-3 (emphasis in original).  Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [3] [5]."  *Id*. at 3.  The Second

and Final Order to Show Cause [6], with copies of the Court's October 12 Order [3] and November 20 Order [5], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.

To date, Plaintiff has not responded to the Court's October 12, November 20, or December 7 Orders [3], [5], [6] or otherwise contacted the Court about his case since the day he filed his Complaint.  *See* Compl. [1]; Mot. [2].

## II. DISCUSSION

The Court may dismiss an action *sua sponte* for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [3], [5], [6], after being warned as many times that failing to do so may lead to the dismissal of his case.  *See* Second and Final Order to Show Cause [6] at 2-3; Order to Show Cause [5] at 2; Order [3] at 2.  Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since October 10, 2023—the day he filed his Complaint.  *See* Compl. [1]; Mot. [2].  Given his clear record of delay and

3

contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.

Moreover, the statute of limitations on Plaintiff's claims does not appear to have expired. *See Showers v. City of Bay St. Louis*, No. 1:19-cv-00323-TBM-RPM, 2022 WL 989149, at *2 (S.D. Miss. Mar. 31, 2022) ("The statute of limitations for [Section] 1983 claims in Mississippi is three years.") (quotation omitted).  Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED**, this 8th day of January, 2024.

s/David Bramlette<br>
UNITED STATES DISTRICT JUDGE